RAMIRO MORALES, SBN 167947
rmorales@mfrlegal.com
WILLIAM C. REEVES, SBN 183878
wreeves@mfrlegal.com
LAURENCE NEAR, SBN 178507
lnear@mfrlegal.com
MORALES FIERRO & REEVES
1440 Maria Ln, Ste. 200
Walnut Creek, CA 94596
Telephone:  (925) 288-1776
Facsimile:   (925) 288-1856

Attorneys for Plaintiffs
THE PHOENIX INSURANCE COMPANY
and TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWEST PIPE COMPANY, <br><br> Defendant. | CASE NO.: <br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW, Plaintiff The Phoenix Insurance Company and Plaintiff Travelers Property Casualty Company of America, and, by way of this Complaint against Defendant Northwest Pipe Company ("Defendant" or "Northwest Pipe Company"), allege as follows:

1.     At all times relevant herein, Plaintiff The Phoenix Insurance Company was and is a corporation organized and existing under the laws of the State of

COMPLAINT FOR DECLARATORY RELIEF

Connecticut with its principal place of business in Connecticut.

2.     At all times relevant herein, Plaintiff Travelers Property Casualty Company of America was and is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut.

3.     Plaintiff The Phoenix Insurance Company and Plaintiff Travelers Property Casualty Company of America are referred to herein collectively as "Travelers" or as "Plaintiffs."

4.     Plaintiffs are informed and believe and on that basis alleges that Northwest Pipe Company is, and at all times herein mentioned was, an Oregon corporation, with its principal place of business in Washington and authorized to do business in the State of California.  Defendant has manufacturing facilities throughout the United States, including a plant located at 12351 Rancho Road, Adelanto, California, 92301.

5.     The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC Section 1332.  The amount in controversy exceeds $75,000.00, exclusive of interests and costs, and the dispute is between citizens of different states.

6.     Venue is predicated on 28 USC Section 1391(b)(2).  A substantial part of the events or omissions giving rise to the underlying lawsuit occurred, or a substantial part of property that is the subject of the underlying action is situated in, the County of San Luis Obispo, which falls within this district, as alleged below.

I.     **THE TRAVELERS POLICIES**

7.     Plaintiff The Phoenix Insurance Company issued policy number Y-660-226D0451-PHX-08 to Northwest Pipe Company, with a policy period of November 1, 2008 to November 1, 2009.

8.     Plaintiff Travelers Property Casualty Company of America issued policy number Y-660-22D0451-TIL-09 to Northwest Pipe Company, with a policy period of November 1, 2009 to November 1, 2010.

COMPLAINT FOR DECLARATORY RELIEF

9.      Plaintiff Travelers Property Casualty Company of America issued policy number Y-660-226D0451-TIL-10 to Northwest Pipe Company, with a policy period of November 1, 2010 to November 1, 2011.

10.      Plaintiff Travelers Property Casualty Company of America issued policy number Y-660-226D0451-TIL-11 to Northwest Pipe Company, with a policy period of November 1, 2011 to November 1, 2012.

11.      Plaintiff Travelers Property Casualty Company of America issued policy number Y-660-226D0451-TIL-12 to Northwest Pipe Company, with a policy period of November 1, 2012 to November 1, 2013.

12.      Plaintiff Travelers Property Casualty Company of America issued policy number Y-660-226D0451-TIL-13 to Northwest Pipe Company, with a policy period of November 1, 2013 to November 1, 2014.

13.      Plaintiff Travelers Property Casualty Company of America issued policy number Y-660-226D0451-TIL-14 to Northwest Pipe Company, with a policy period of November 1, 2014 to November 1, 2015.

14.      Plaintiff The Phoenix Insurance Company issued policy number Y-660-226D0451-PHX-15 to Northwest Pipe Company, with a policy period of November 1, 2015, to November 1, 2016.

15.      The policies referenced in paragraphs 7 through 15 above are referred to herein collectively the "Travelers Policies."

16.      The Insuring Agreement under the Commercial General Liability Coverage Form in the Travelers Policies states:

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to   pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or

"property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

. . .

b.    This insurance applies to "bodily injury" or "property damage" only if:

(1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)   The "bodily injury" or "property damage" occurs during the policy period.

. . .

17.    The Travelers Policies define "property damage" as:

"Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18.    The Travelers Policies define "suit" as:

"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.  "Suit" includes:

a.    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b.    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

COMPLAINT FOR DECLARATORY RELIEF

19.     The Travelers Policies contain limitations of coverage, including but not limited to the Your Product Exclusion, which is identified as Exclusion "k" in the policy; Your Work Exclusion, which is identified as Exclusion "l" in the policy; and the Impaired Property Exclusion, which is identified as Exclusion "m" in the policy.

20.     The Travelers Policies contains the following conditions:  "No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

## II.     THE UNDERLYING LAWSUIT

21.     On May 19, 2020, the San Luis Obispo County Flood Control and Water Conservation District (hereinafter "SLO") filed suit against A. Teichert & Son, Inc., dba Teichert Construction in the Superior Court of the State of California, County of San Luis Obispo, Case No. 20CV-0264.  Northwest Pipe was not named as a defendant by SLO in its complaint.

22.     The complaint in the underlying lawsuit alleges that SLO and Teichert entered into a contract for construction of pipeline for the Nacimiento Water Project, which, on information and belief, is located in San Luis Obispo County.

23.     The complaint in the underlying lawsuit alleges "Defendants agreed to procure, handle, inspect and install certain pipelines and related appurtenances" for SLO.  The complaint further alleged that on or about September 11, 2019, SLO became aware of leakage on the ground surface above the pipeline occurring on the east side of the Salinas River pipeline crossing and notified Teichert of the leak.  The complaint alleged causes of action for breach of contract, negligence, and breach of express warranty.

24.     On or about August 12, 2020, Teichert filed a cross-complaint in the underlying lawsuit.  The cross-complaint names Northwest Pipe Company as a cross-defendant.

25.     The cross-complaint in the underlying lawsuit alleges that on June 23, 2008, Teichert and Northwest Pipe Company entered into a purchase order whereby

COMPLAINT FOR DECLARATORY RELIEF

Northwest Pipe Company agreed to supply certain pipe and other related materials to the project.  Teichert alleges if SLO prevails on its claims, Northwest Pipe Company will have breached its duty of care by manufacturing and supplying defective and/or deficient material to the project.

26.     On November 12, 2020, the court in the underlying action transferred the case to the Santa Clara County Superior Court in response to a motion to transfer venue by Teichert, wherein Teichert argued that the action was brought by a local government agency situated in San Luis Obispo County against a corporation doing business in another county, and hence that the action needed to be transferred to a neutral venue.  The new case number is 21CV380615.

27.     Plaintiffs agreed to defend, and are currently defending, Northwest Pipe Company against the cross-action in the underlying lawsuit, under a full reservation of rights.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
## DUTY TO DEFEND

28.     Plaintiffs hereby re-allege and incorporate by reference all of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

29.     An actual, present, and justiciable controversy has arisen and now exists between Plaintiffs, on the one hand, and Defendant, on the other, concerning Plaintiffs' rights, duties, and obligations under the Travelers Policies.

30.     Plaintiffs contend that they owe no duty to defend Defendant under the Travelers Policies against claims made against Defendant in the underlying lawsuit.

31.     On information and belief, Defendant disputes Plaintiffs' position and contends that Plaintiffs have an obligation to defend Defendant in the underlying lawsuit.

32.      Accordingly, an actual controversy presently exists between Plaintiffs and Defendant regarding whether Plaintiffs have a duty to defend Defendant in the

COMPLAINT FOR DECLARATORY RELIEF

1    underlying lawsuit.

2        33.     Plaintiffs have no adequate remedy at law to resolve this dispute.

3   Plaintiffs seek a judicial resolution of the controversy and a declaration of the

4   following:  that Plaintiffs owe no duty to defend Defendant in the underlying lawsuit

5   under the Travelers Policies.

6        34.     By reason of the foregoing, a declaratory judgment is both proper and

7   necessary so that the rights, duties, and obligations between Plaintiffs and Defendant

8   may be determined under the provisions of the Travelers Policies.

9                **SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF**

10                             **DUTY TO INDEMNIFY**

11        35.     Plaintiffs hereby re-allege and incorporate by reference all of the

12   allegations contained in all preceding paragraphs of this Complaint as though fully set

13   forth herein.

14        36.     An actual, present, and justiciable controversy has arisen and now exists

15   between Plaintiffs on the one hand, and Defendant on the other, concerning Plaintiffs'

16   rights, duties, and obligations under the Travelers Policies.

17        37.     Plaintiffs contend that they owe no duty to indemnify Defendant under

18   the Travelers Policies against damages sought from Defendant in the underlying

19   lawsuit.

20        38.     On information and belief, Defendant disputes Plaintiffs' position and

21   contends that Plaintiffs have an obligation to indemnify Defendant under the

22   Travelers Policies against damages sought from Defendant in the underlying lawsuit.

23        39.     Accordingly, an actual controversy presently exists between Plaintiffs

24   and Defendant regarding whether Defendant has a duty to indemnify Defendant

25   against damages sought from Defendant in the Underlying Action.

26        40.     Plaintiffs have no adequate remedy at law to resolve this dispute.

27   Plaintiffs seek a judicial resolution of the controversy and a declaration of the

28   following:  that Plaintiffs owe no duty to indemnify Defendant under the Travelers

COMPLAINT FOR DECLARATORY RELIEF

1 | Policies against damages sought from Defendant in the underlying lawsuit.

2 |     41.    By reason of the foregoing, a declaratory judgment is both proper and

3 | necessary so that the rights, duties, and obligations between Plaintiffs and Defendant

4 | may be determined under the provisions of the Travelers Policies.

5 | **PRAYER FOR RELIEF**

6 |     WHEREFORE, Plaintiffs pray for judgment as follows:

7 |     1.    For a declaration of this Court of the following:  that Plaintiffs owe no

8 | duty to defend Northwest Pipe Company in the underlying lawsuit under the

9 | Travelers Policies;

10 |     2.    For a declaration of this Court of the following:  that Plaintiffs owe no

11 | duty to indemnify Northwest Pipe Company under the Travelers Policies against the

12 | damages sought from Northwest Pipe Company in the underlying lawsuit;

13 |     3.    For an award of Plaintiffs' costs in this action; and

14 |     4.    For such other and further relief as the Court may deem just and proper.

15 | DATED:  February 16, 2023        MORALES, FIERRO & REEVES

By   */s/ Ramiro Morales*

    RAMIRO MORALES
    WILLIAM C. REEVES
    LAURENCE NEAR
    Attorneys for Plaintiffs THE PHOENIX
    INSURANCE  COMPANY and
    TRAVELERS PROPERTY
    CASUALTY COMPANY OF
    AMERICA

COMPLAINT FOR DECLARATORY RELIEF